UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| STEVEN WIERZBA,<br><br>           Plaintiff,<br>    v.<br>JP MORGAN CHASE BANK, N.A., et al.,<br><br>           Defendants.<br>_____/ | No. C 11-05199 LB<br><br>**ORDER RE: PLAINTIFF'S NOTICE OF LIS PENDENS**<br><br>**[Re: ECF No. 2]** |

*Pro Se* plaintiff Steven Wierzba ("Plaintiff") filed a Notice of Lis Pendens ("Notice") on October 25, 2011. Notice of Lis Pendens, ECF No. 2.[1] Because a *pro se* plaintiff may not file a lis pendens without court approval, the court also construes his Notice as a request for approval. *See* Cal. Code Civ. Proc. § 405.21 ("An attorney of record in an action may sign a notice of pendency of action. Alternatively, a judge of the court in which an action that includes a real property claim is pending may, upon request of a party thereto, approve a notice of pendency of action. A notice of pendency of action shall not be recorded unless (a) it has been signed by the attorney of record, (b) it is signed by a party acting in propria persona and approved by a judge as provided in this section, or (c) the action is subject to Section 405.6."); *Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir. 1995) (courts have an obligation to construe *pro se* filings liberally).

"A lis pendens is a 'recorded document giving constructive notice that an action has been filed

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 11-05199 LB

affecting title to or right to possession of the real property described in the notice.'" *Farahani v. Cal-Western Reconveyance Corp.*, No. C09-0194 JF (RS), 2009 WL 1309732, at *2 (N.D. Cal. May 8, 2009) (citing *Urez Corp. v. Super. Ct.*, 190 Cal. App.3d 1141, 1144 (1987)). "The practical effect of a lis pendens is to cloud the property's title and prevent its transfer until the litigation is resolved or the lis pendens is expunged or released." *Id.* (citing *Malcom v. Super. Ct.*, 29 Cal.3d 518, 523 (1981)). The notice of lis pendens must contain: (1) the "names of all parties to the action," Cal. Code Civ. Proc. § 405.20; (2) "a description of the property affected by the action," *id.*; and (3) the signature of an attorney of record or court approval where plaintiffs are proceeding *pro se*, Cal. Code Civ. Proc. § 405.21.

Plaintiff's Notice meets these requirements. It lists the parties in the caption, describes the property as "823 Paloma Avenue, CA and legally described as: APN 11-870-7 per official document No. 97136855 recorded June 4, 1967," and it is signed by Plaintiff and, as stated below, has court approval. Also, it is a real property claim.[2]

Thus, the Notice is approved. Plaintiff is advised that this approval is not to be construed as a suggestion by this court that any of the claims made in the complaint necessarily have merit, and defendants may upon a proper showing ask for an order expunging the lis pendens and/or dismissing the complaint.

This disposes of ECF No. 2.

///

///

///

---

[2] A "real property claim" is one "which would, if meritorious, affect (a) title to, or the right to possession of, specific real property or (b) the use of an easement identified in the pleading, other than an easement obtained pursuant to statute by any regulated public entity." Cal. Code Civ. Proc. § 405.4. For purposes of evaluating a lis pendens, a "real property claim" does not include actions which seek only money damages, even if the action relates in some way to real property. California Practice Guide: Real Property Transactions, § 11:629-11:643 (2009). Here, Plaintiff meets this standard, as he alleges numerous violations arising out of his mortgage loan and seeks, in part, a injunctive relief "preventing Defendants, or anyone acting in concert with them, from collecting on the subject Loans and from causing the Property to be sold, assigned or transferred to a third party." Complaint, ECF No. 1 at 23.

1  **IT IS SO ORDERED.**

2  Dated: October 28, 2011

3  _____
   LAUREL BEELER
   United States Magistrate Judge